John DOAN, SSN: 278–38–9119, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

No. C–3–84–763.

United States District Court, S.D. Ohio, W.D.

Sept. 30, 1987.

---

John A. Cervay, Dayton, Ohio, for plaintiff.

Joseph E. Kane, Asst. U.S. Atty., Columbus, Ohio, for defendant.

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE IN ITS ENTIRETY; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF; TERMINATION ENTRY

RICE, District Judge.

Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate's Report, is required to make a *de novo* review of those recommendations to which objection is made. This Court has re-examined all the relevant evidence in this case, previously reviewed by the Magistrate, and has determined that the findings of the Secretary were supported by "substantial evidence." *See Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir.1983).

A short history of this case reveals that the Plaintiff first applied for disability insurance benefits (DIB) on March 14, 1980, but his application was denied at the initial determination level. A second application was filed November 13, 1980, which was also denied. No judicial review was sought for either denial. On March 16, 1983, the Plaintiff filed a third application for DIB, alleging an onset date of December 2, 1978. Benefits were again denied throughout the administrative process, culminating in the denial by the Appeals Council. The Plaintiff then sought judicial review in this Court.

On February 12, 1985, Magistrate Merz recommended that benefits be awarded as of January, 1982, and also recommended that the case be remanded to the Secretary for consideration of re-opening the Administrative Law Judge's (ALJ) decision of January 6, 1982. (Doc. # 9). This Court adopted the Magistrate's Report and Rec-

ommendation on March 25, 1985 (Doc. # 11).

Pursuant to this Court's Order remanding the case to the Secretary, a hearing was held before an ALJ at which time the ALJ considered a report submitted by Dr. Sirbu and a CT scan. The ALJ concluded that although Dr. Sirbu's report and the CT scan constituted new and material evidence (T–p. 342), the evidence did not establish that the Plaintiff had a significant impairment for the period prior to the date of the earlier decision, and the ALJ, therefore, declined to modify the prior decision.

The Appeals Council disagreed with the ALJ's recommended decision. The Appeals Council determined that, while the reports of Dr. Sirbu and the CT scan constitute new evidence, the evidence was *not material* evidence. The Appeals Council thus concluded "that the final and binding decision of January 6, 1982 may not be re-opened." In its written decision, the Appeals Council wrote: "The purpose of re-opening a decision is to change the outcome, not to affirm the previous decision in every respect as was done by the current ALJ. Therefore, Dr. Sirbu's report ... while new, is not material, and there has been no good cause shown to warrant re-opening the January 6, 1982 hearing decision." (T–p. 333).

The Plaintiff again sought judicial review in this Court. Magistrate Merz, however, recommended that the Defendant's Motion to Dismiss, in which the Defendant argued that this Court lacks subject matter jurisdiction to review the Secretary's decision not to re-open, be sustained. (Doc. # 22). The Plaintiff's objection to the Magistrate's Report and Recommendation is now before this Court.

## DISCUSSION

20 C.F.R. § 404.988 provides that "a determination, revised determination, decision, or revised decision may be re-opened— ... (b) within four years of the date of the notice of the initial determination if we find *good cause*, as defined in § 404.989, to re-open the case ..." (emphasis added). Section 404.989(a)(1) states that good cause to re-open a decision or determination will be found if "new and material evidence is furnished...." Finally, 20 C.F. R. § 404.987(a) reads:

Generally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period, you lose your right to further review. However, a determination or a decision made in your case may be re-opened and revised. *After we re-open your case, we may revise the earlier determination or decision.*

(Emphasis added). Thus, if good cause is found, the determination or decision may be re-opened, but the fact that the case is re-opened does not necessarily mean that the earlier determination or decision is to be revised; it may be, but pursuant to the regulation, it need not necessarily be.

■ The Secretary's decision not to re-open the previous application for DIB is not subject to judicial review in the district court unless that refusal is challenged on constitutional grounds. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 21 L.Ed.2d 192 (1977). The Plaintiff contends that the Secretary's failure to properly follow his own regulations violated the Plaintiff's right to due process. Specifically, the Plaintiff argues that the Appeals Council's statement that "the purpose of re-opening a decision is to change the outcome" is in conflict with § 404.987 which states that after re-opening, the earlier determination *may* be revised. In short, the Plaintiff seeks to have the Secretary exercise his discretion under the proper standard. Magistrate Merz, in recommending that the Plaintiff's case be dismissed for lack of subject matter jurisdiction, concluded that the Plaintiff had failed to present a colorable constitutional claim, and that therefore, the Court was without subject matter jurisdiction to review the Secretary's decision.

■ While the Secretary is bound to follow his own regulations, the failure to do so does not automatically rise to the level of a due process violation. In *Bates v.*

*Sponberg,* 547 F.2d 325 (6th Cir.1976), the Sixth Circuit held that

> [i]t is not every disregard of its regulations by a public agency that gives rise to a cause of action for violation of constitutional rights. Rather, it is only when the agency's disregard of its rules results in a procedure which in itself impinges upon due process rights that a federal court should intervene in the decision process....

*Id.* at 329. The court in *Bates* went on to state that while courts have often invalidated adjudicatory actions by federal agencies which violated their own regulations, the basis for such reversals was not the due process clause, but rather a rule of administrative law. *Id.* at 330. Thus, the mere allegation that the Secretary failed to follow his own regulation does not raise a colorable constitutional claim.[1] Whether the violation of a regulation rises to the level of a due process violation is dependent upon the violation's impact upon the claimant's opportunity to be heard.

The Plaintiff has not demonstrated that the Secretary's failure to follow its regulations "result[ed] in a procedure which in itself impinges upon due process rights." *Id.* at 329. The Plaintiff relies on the Court's decision in *Bradley v. Secretary of Health and Human Services,* No. C–1–84–975 (S.D.Ohio Jan. 29, 1986) to support his assertion that he has presented a constitutional claim which would permit review. This Court, however, is in agreement with Magistrate Merz's finding that *Bradley* can be distinguished. As the plaintiff in *Bradley* refiled within 12 months of the original decision, under 20 C.F.R. § 404.988(a) he had an absolute right to have the original decision examined by the Secretary. *Bradley,* slip op. at 8. The Plaintiff was entitled to have the Secretary follow his own regulations in that case. *See Yellin v. United States,* 374 U.S. 109, 121, 83 S.Ct. 1828, 1835, 10 L.Ed.2d 778 (1963). The Secretary's failure to reconsider the claim denied the plaintiff in *Bradley* the opportunity to be heard, thus providing the plaintiff with a colorable constitutional claim. *Bradley,* slip op. at 10.

■ The Plaintiff in the case at bar did not have an absolute right to have the original decision with regard to his benefits re-examined. As Plaintiff failed to refile within 12 months, his case need only be reconsidered if the Secretary found good cause to do so. *See* 20 C.F.R. § 404.988(b)(1987). The Plaintiff did have the right to have the Secretary exercise his discretion with regard to the good cause issue, and had the Secretary failed to do so he (the Plaintiff) might well have had a colorable claim. However, it is clear from the decision of the Appeals Council that the issue of whether good cause existed was considered. In this case, unlike *Bradley,* the Secretary did exercise his discretion. The Council expressly noted why it found the new evidence to be immaterial. The Plaintiff was not deprived of due process. He did have the opportunity to be heard. The Council did follow its own regulations. Any abuse of discretion with regard to interpretation simply fails to rise to the level of a constitutional claim. As the Appeals Council found good cause to be lacking, the Plaintiff had no right to have the original decision reconsidered. Accordingly, this Court concludes that the Plaintiff has failed to raise a constitutional claim, and that, therefore, this Court is without subject matter jurisdiction to review the Secretary's decision not to re-open. The recommendations of the Report are adopted in their entirety.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

1. The *Bates* court found that the mere violation of the regulation did not, in and of itself, violate due process. *Bates,* 547 F.2d at 330. The key consideration in examining a due process claim is whether the claimant was afforded a meaningful opportunity to be heard.